

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

December 9, 2022

**VIA ECF**
Jeremiah J. McCarthy
United States Magistrate Judge
United States District Court
Western District of New York

   Re: *Ortiz v. Interdesign, Inc.*
     <u>Case No. 22-cv-00529-JLS-JJM</u>

Dear Judge McCarthy:

  As counsel for Defendant, I write to address the parties' settlement and to present the parties' joint request for judicial approval of the Consent Decree enclosed herewith.

  Plaintiff's class action Complaint alleges that Defendant's website is a place of public accommodation which is not accessible to visually disabled persons in violation of the Americans with Disabilities Act and the New York City Human Rights Law. While Defendant does not admit liability, we have reached an early settlement with plaintiff individually in order to avoid the cost and inconvenience of litigation and to address the issues raised by this action in a mutually acceptable fashion. We hereby request that the Court so-order the Consent Decree, which has been fashioned as a reasonable resolution of the plaintiff's claims.

  The Consent Decree "(1) springs from and serves to resolve a dispute within the court's subject-matter jurisdiction, (2) comes within the general scope of the case made by the pleadings, and (3) furthers the objectives of the law upon which the complaint was based." *Kozlowski v. Coughlin,* 871 F.2d 241, 244 (2d Cir. 1989) (internal bracketing omitted) (citing *Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 525 (1986)); *accord, Crosson v. Popsockets LLC,* No. 19-cv-200 (CBA)(LB), 2019 WL 6134416, at *2 (E.D.N.Y. Oct. 8, 2019), *adopted by* 2019 WL 6134153 (Nov. 19, 2019); *Riverkeeper, Inc. v. MLV Concrete Inc.,* No. 14-cv-3762 (LDH)(PK), 2017 WL 3172897, at *2 (E.D.N.Y. June 26, 2017), *adopted by* 2017 WL 3172859 (July 25, 2017). S*ee also, Figueroa v. Arhaus, LLC,* No. 18 Civ. 10491 (GWG) (S.D.N.Y. Feb. 20, 2019) (DE16) (opinion stating that the above standard should apply in a similar ADA action in order to approve a consent decree in an action between private parties).

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA

MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA

OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

Hon. Jeremiah J. McCarthy
December 9, 2022
Page 2


Additionally, the Consent Decree is designed to serve as a shield for Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being addressed and resolved pursuant to this settlement. Duplicative suits have been a recurring problem in similar matters handled by my law firm and other attorneys defending these matters around the country.

Counsel for Defendant has resolved many similar ADA website class actions in which the courts have approved similar consent decrees. One such decree was entered in this Court. See *Foley v. Makita U.S.A., Inc.,* 19-cv-01460 (CCR), DE 11, dated February 12, 2020. Several examples of similar decrees in other federal districts are cited in the footnote below.[1]

We respectfully request that Your Honor approve the enclosed Consent Decree for all of the reasons identified above.

Thank you for your attention to this matter.

Respectfully,

*Peter T. Shapiro*

Peter T. Shapiro of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:     Counsel for Plaintiff (via ECF)

---

[1] *See Sypert v. Pelham Country Club*, SDNY, 18-cv-6496 (GBD), October 12, 2018 (DE 12); *Mendizabal v. American Self Storage 636, LLC*, SDNY,. 17-cv-10041 (ALC), October 15, 2018 (DE 23); *Burbon v. Maidpro Inc.*, SDNY, 18-cv-6290 (JMF), October 18, 2018 (DE 19); *Sypert v. Gefen*, SDNY, 18-cv-4336 (GBD), October 18, 2018 (DE 17); *Tucker v. CorePower Yoga*, SDNY, 18-cv-5394 (AJN), December 3, 2018 (DE 17); *Burbon v. Hometeam*, SDNY, 18-cv-4783 (VSB), December 27, 2018 (DE 20); *Mendez v. Madison York*, SDNY, 18-cv-4947 (VSB), January 2, 2019 (DE 15); *Murphy v. Cos Bar Retail LLC*, SDNY, 18-cv-06968 (RA), February 11, 2019 (DE 22); *Figueroa v. Arhaus, LLC*, SDNY, 18-cv-10491(GWG), February 20, 2019 (DE 17); *Delacruz v. Naturopathica Holistic Health Inc.*, SDNY, 18-cv-07548 (KHP), March 19, 2019 (DE 23); *Contreras v. Gentex Corporation*, 21-cv-11203 (RWL), SDNY, April 21, 2022 (DE 16); *Abreu v. Good Guy Vapes Int LLC,* 22-cv-01850 (GWG), SDNY, April 26, 2022 (DE 13); *Ortega v. Buck Knives, Inc.*, 21-cv-10734 (KPF), SDNY, April 26, 2022 (DE 23); *Paguada v. Andis Company*, 22-cv-00829 (SN), SDNY, April 29, 2022 (DE 16); *Abreu v. Wiley X, Inc.*, 22-cv-01094 (LGS), SDNY, May 3, 2022 (DE 15); *Weekes v. MerchNow, LLC*, 21-cv-10802 (PGG), SDNY, May 6, 2022 (DE 19); *Guerrero v. Great Divide Brewing Company*, 22-cv-00275 (JPO), SDNY, May 20, 2022 (DE 16); *Crumwell v. Gold Eagle Co.*, 22-cv-1508 (PAE), SDNY, June 10, 2022 (DE 16); *Contreras v. 203 Fresh Body, LLC*, 22-cv-00458 (JMF), SDNY, June 15, 2022 (DE 21); *Ortega v. Big Spoon Roasters LLC*, 22-cv-00926 (RWL), SDNY, July 25, 2022 (DE 25).